Daniel, J.
 

 The bill states, that the defendant Robert Perkins was appointed administrator of the estate of William Perkins deceased ; that the plaintiff, Dogharty, and and the intestate of the other plaintiff, were his sureties to the administration bond ; that the administrator received assets to the amount of gll05 28: that there were no debts owing, or, if any, they were of small amount. The bill further states, that the administrator removed to the State of Tennessee in the year 1829 : but, before doing so, he deposited in the hands of Charles W. Harris, the other defendant, the
 
 *148
 
 whole of the assets, under the express agreement and in trust, that he should pay the same to the next of kin of the intestate; that the nett amount, after deducting the admmjst[.ator>s commissions, was $1068 30. The bill states, that Harris failed to comply with his agreement, and that the plaintiffs were sued on the administration bond by the next of kin of the intestate, and that a judgment was had against them for $661 34. In consequence of some payments which had been before made by Harris to the next of kin, the judgment against the plaintiffs was reduced at April Sessions, 1840, of Mecklenburg county court to $652 83. This sum was paid by the plaintiffs: Dogharty paid $85, and Kennedy the residue of the said judgment. The plaintiffs state, that they have called on Harris and demanded payment of him out of the assets left with him as before stated : that he has refused to comply, but he promised to arrange it in some way at a future day ; that Harris knew of the suit against them and was notified to attend the clerk of the county court in taking the accounts. The plaintiffs pray a decree for an account, and that the defendants be decreed to repay to them the monies which, as sureties, they have been compelled to pay. •
 

 The defendant Harris answers, and admits that the plaintiffs were the sureties to the administration bond of Robert Perkins, as stated in the bill: but he denies that he received of the administrator $1104 28, nor did he enter into the agieementas alleged. He says, that he received notes of the administrator to the amount of about $900, with the understanding, that he was to pay certain of the next of kin of the intestate their shares, and that the administrator furnished him with a list of their names, which he has ready to produce. That he has already done and paid more than he obliged himself to do ; that there was no trust or agency on his part, to pay more than as aforesaid. He says that the administrator retained of the estate $200, and a negro man named Jack. That to prevent litigation, he has paid four other of the next of kin not mentioned in the aforesaid list,
 
 namely,
 
 William and Robert Walkup, and Israel and John
 
 *149
 
 Davis. He says, that if he was to pay all of the next of kin, he should considerably exceed the amount of moneys left in his hands by the administrator.
 

 The answer of Harris is replied to, and the bill is taken
 
 pro confesso
 
 as to Robert Perkins.
 

 Two witnesses have been examined by the plaintiffs. Mr. Oats, the clerk of the County Court of Mecklenburg, states, that Harris admitted in his examination before him, that he had received of Robert Perkins, the administrator of William Perkins, all the proceeds of said estate: and that he had agreed to pay to distributees the amount that they each were respectively entitled to; he said, that he had gone on paying them until he was tired, and that he had refused to pay any more of them. Robert Walkup deposeth, that the defendant Harris requested him to notify all the distributees, who had any demands against the estate of William Perkins to meet him on a particular day at the town of Charlotte to settle with them. From a transcript of the record of the suit against the plaintiffs as the sureties on the administration bond of Robert Perkins, we are satisfied that a judgment was recovered against them for $661 34 and costs, on the relation of the representatives of two of the sisters as next ot kin of William Perkins, deceased,
 
 namely,
 
 Margaret Walkup and Martha Davis; and that executions issued on the said judgments, which have been returned satisfied.
 

 Therefore we are of opinion, that in this court the plaintiffs are subrogated to their rights,, and that they are entitled to a decree for an account against the defendants. Upon taking the account the defendant will be charged with the assets he got from Robert Perkins, and credited with such sums as he may have paid to the next of kin.
 

 Per Curiam, Decree accordingly.